IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JERRY WAYNE KING, ID # 08004221, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:08-CV-1405-L (BH) |
| | ) | ECF |
| ARTHUR FOREST,[1] et al., | ) | Referred to U.S. Magistrate Judge |
| Defendants. | ) | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

Plaintiff, a prisoner currently detained in the Dallas County Jail awaiting trial, brings this action pursuant to 42 U.S.C. § 1983 against Arthur Forest ("Forest") (complainant in state criminal action against Plaintiff); John Doe #1 (a Dallas County Fire Investigator); Dallas County Grand Jury; Dallas County District Attorneys Office; and Reginald Self ("Self"), Public Defender. (Answer to Question 1 of Magistrate Judge's Questionnaire ("MJQ")[2].) He claims that Forest falsely accused him of threatening to burn his house and of setting fire to his garage door. (*See* Answer to Question 2 of MJQ.) He asserts that the unidentified Fire Investigator and the Dallas County Grand Jury were negligent and reckless regarding the false accusations. (*Id.*) According to Plaintiff, the Dallas

---

[1] As noted in the order filed contemporaneously with this recommendation, the caption has been modified to be consistent with Plaintiff's answers to questions posed by the Court.

[2] Because Plaintiff's complaint was unclear as to who Plaintiff was suing, the Court asked him to identify all defendants sued in this action. His answers to the questions posed by the Court constitute an amendment to the filed complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994). In light of such answers, the previously named defendants, *i.e.*, the State of Texas, County of Dallas, and all "Subsituaries", are no longer part of this case.

County District Attorneys Office has unnecessarily delayed his trial and thus imposed a prison sentence without a conviction. (*Id.*) He claims that Self has rendered ineffective assistance. (*Id.*) He seeks $5,000 for the negligence and wrongful incarceration; an investigation into the handling of his state criminal matter; and "criminal charges where called for". (Answer to Question 3 of MJQ.) Arson charges remain pending against Plaintiff at this time. (*See* Answer to Question 4 of MJQ.) No process has been issued in this case.

## II. PRELIMINARY SCREENING

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim that falls under the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994) "is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp.*

2

*v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

## III. SECTION 1983

Plaintiff seeks monetary damages, an investigation, and criminal charges under 42 U.S.C. § 1983 against the complainant in his state criminal action, an unidentified Fire Investigator, the Dallas County Grand Jury, the Dallas County District Attorneys Office, and a Public Defender who has allegedly rendered ineffective assistance of counsel. Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.*

**A. Investigation and Criminal Charges**

Plaintiff seeks an investigation and criminal charges as part of his requested relief in this action. The requested investigation is simply not available through a civil action. *Cf. McCall v. Peters*, No. 3:00-CV-2247-D, 2001 WL 1082417, at *2 (N.D. Tex. Aug. 28, 2001) (accepting recommendation of Mag. J. that a criminal investigation is not available). Furthermore, to the extent Plaintiff seeks to criminally prosecute someone, "such relief is not available in a § 1983 civil rights action." *See Worthy v. Francis*, No. 3:02-CV-2102-N, 2002 WL 31553847, at *2 (N.D. Tex. Nov. 14, 2002) (accepting recommendation of Mag. J.). "Criminal statutes can neither be enforced by civil action nor by private parties." *Hassell v. United States,* No. 3:97-CV-1882-P, 1999 WL 444554, at *2 (N.D. Tex. May 28, 1999). There is no constitutional right to have someone criminally prosecuted. *See Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990). To the extent Plaintiff's claims against defendants have merit, he may only obtain monetary relief.

3

**B. <u>Heck</u> Bar**

Plaintiff asserts claims that appear to necessarily imply the invalidity of a conviction that might arise from his pending criminal case. Under *Heck v. Humphrey*, 512 U.S. 477 (1994), when a successful civil rights action would necessarily imply the invalidity of a plaintiff's conviction or sentence, the complaint must be dismissed, unless plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. 512 U.S. at 486-87. The Supreme Court has refused to extend *Heck* to pending criminal matters, however. *See Wallace v. Kato*, 127 S. Ct. 1091, 1098 (2007). When *Heck* may have future implications in a particular case, the civil case should be stayed "until the criminal case or the likelihood of a criminal case is ended." *See id.*; *accord Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995); *Brown v. Taylor*, 139 Fed. App'x 613, 613 (5th Cir. 2005) (per curiam).

Nevertheless, neither *Heck* nor a potential stay precludes the Court from screening "claims against certain party-defendants on other grounds apparent in the record." *Busick v. City of Madison, Miss.*, 90 Fed. App'x 713, 713 (5th Cir. 2004) (per curiam). The Court may sidestep *Heck* "when the case presents issues that are appropriate for early and final determination." *Solesbee v. Nation*, No. 3:06-CV-0333-D, 2008 WL 244343, at *8 (N.D. Tex. Jan. 29, 2008) (accepting recommendation of Mag. J.). For example, issues of immunity should be determined as early in the proceedings as possible. *See Patton v. Jefferson Correctional Ctr.*, 136 F.3d 458, 462 n.6 (5th Cir. 1998); *Hulsey v. Owens*, 63 F.3d 354, 356 (5th Cir. 1995); *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). Additionally, courts properly make an early determination regarding whether an individual or entity

4

is a proper party to the litigation. *See Solesbee*, 2008 WL 244343, at *8 (accepting recommendation that private actors should be dismissed early in § 1983 proceedings); *Smithback v. Cockrell*, No. 3:01-CV-1658-M, 2002 WL 1268031, at *2 (N.D. Tex. June 3, 2002) (accepting recommendation that improperly named entities should be dismissed early in the proceedings). This case presents such issues and is subject to an early and final determination.

## C. Claims Against Private Actors

Plaintiff sues an individual who allegedly made false accusations resulting in state criminal charges against Plaintiff. He also sues a Public Defender for ineffective assistance of counsel related to the criminal charges lodged against him.

From the filings in this action, these two defendants appear to be private individuals that are not proper defendants under 42 U.S.C. § 1983. The Supreme Court has clearly held that public defenders are not official state actors when they "perform[] a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). When a public defender "is doing a defense lawyer's primary job", he does "not ac[t] on behalf of the State; he is the State's adversary." *Brentwood Academy v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 303 (2001). Consequently, "[t]he state-action doctrine does not convert opponents into virtual agents." *Id.* at 304. Although in certain circumstances, private parties may be acting "under color of state law" and thus held liable under § 1983, *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970); *Wong v. Stripling*, 881 F.2d 200, 202 (5th Cir. 1989), Plaintiff makes no allegation to hold Forest or Self liable as state actors.

Plaintiff has failed to state a viable claim under § 1983 against Forest or Self, and his claims against them should be dismissed.

5

**D. Claims Against Non-jural Entity**

The claims against the Dallas County District Attorney's Office likewise fail. A plaintiff may not bring a civil rights action against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991). In *Darby*, the Fifth Circuit held that "unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself." *Id.* at 313. A district attorney's office is not a jural entity that can be sued under § 1983. *Jacobs v. Port Neches Police Dep't*, 915 F. Supp. 842, 844 (E.D. Tex. 1996). Consequently, the action against the Dallas County District Attorney's Office should be dismissed as frivolous under 28 U.S.C. §§ 1915(e)(2) and 1915A.

**E. Claims Against Grand Jury**

Plaintiff also sues the Dallas County Grand Jury for negligent or reckless acts with respect to the state indictment against him. A grand jury is not an identifiable group that can be sued. Further, because grand jurors acting within the scope of their duties enjoy absolute immunity, *see Imbler v. Pachtman*, 424 U.S. 409, 422-23 & n.20 (1976), a grand jury collectively enjoys immunity from suit if it can be sued as a unit. Plaintiff has made no allegation that the Dallas County Grand Jury acted outside the scope of its duties; immunity thus shields the individual jurors from liability and the grand jury collectively to the extent it is subject to suit as a unit. Because the Dallas County Grand Jury is either an improperly named party or is immune from suit, the claims against it are subject to early and final determination.

**F. Claims Against John Doe Defendant**

Plaintiff also brings suit against an unidentified Dallas County Fire Investigator for alleged

6

negligence and recklessness regarding the arson complaint asserted against him. "Neither the Federal Rules of Civil Procedure nor [42 U.S.C. § 1983] provides authority for joining fictitious defendants in this suit." *Taylor v. Federal Home Loan Bank Bd.*, 661 F. Supp. 1341, 1350 (N.D. Tex. 1986). Plaintiffs, even those proceeding *in forma pauperis*, have a duty to provide information sufficient to identify the defendants. Courts lack personal jurisdiction over unidentified fictitious defendants. *See id.* Consequently, the claims against such defendants are subject to dismissal. The Court may raise the question of personal jurisdiction *sua sponte*. *Sys. Pipe & Supply, Inc. v. M/V VIKTOR KURNATOVSKIY*, 242 F.3d 322, 324 (5th Cir. 2001) (approving *sua sponte* dismissal of action instead of entry of default judgment); *Frass v. S. Pac. Transp. Co.*, 810 F. Supp. 189, 190 (S.D. Miss. 1993) (raising question of personal jurisdiction *sua sponte*). When a district court raises the issue of personal jurisdiction *sua sponte*, however, it should provide a reasonable opportunity for the plaintiff to answer the court's jurisdictional concerns. *See Sys. Pipe & Supply, Inc.*, 242 F.3d at 325.

Because the time allotted for objecting to these findings provides a reasonable opportunity for Plaintiff to cure the jurisdictional defect, the Court should dismiss the claims against the John Doe defendant if Plaintiff fails to properly identify the defendant before the Court accepts this recommendation.

## IV. RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court summarily **DISMISS** Plaintiff's claims against Arthur Forest, the Dallas County Grand Jury, the Dallas County District Attorneys Office, and Reginald Self with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for the failure of Plaintiff to state a claim upon which relief may be granted and for seeking monetary relief against defendants who are immune from such relief. It is further recommended that

7

the District Court summarily **DISMISS** Plaintiff's claims against the unidentified Dallas County Fire Investigator without prejudice[3] for lack of personal jurisdiction unless Plaintiff properly identifies the Fire Investigator before the Court accepts this recommendation. If Plaintiff timely identifies the Fire Investigator, the District Court should re-refer this action to the Magistrate Judge for further proceedings as to that defendant.

**SIGNED this 20th day of October, 2008.**

*/s/ Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

*/s/ Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[3] "Without prejudice" means that the dismissal will not of itself prevent Plaintiff from pursuing a different action against the Fire Investigator once Plaintiff is able to properly identify him.